JENSEN *et al.* v. WOODBURY *et al.*

1. IRREGULARITY IN JUDICIAL SALE. A sale of real estate under execution, without notice to the owner, if he is in the actual occupation or possession, as contemplated by section 3318, Revision of 1860, is irregular, and should be set aside on the motion of such owner.

2. GENERAL EXECUTION LAW AND SPECIAL EXECUTION. The general execution law of the State is applicable to all sales under execution, including sales under special executions in the foreclosure of mortgages.

3. PRACTICE: NOTICE OF MOTION. The Court will not pass upon the rights of a party under a motion filed after judgment and execution, when he has not been served with notice thereof.

4. RESALE OF PROPERTY UNDER EXECUTION. Where property was irregularly sold under execution to a third party, and the purchase-money was applied to the satisfaction of executions against the judgment defendant, the Court ordered that the sale should be set aside, and that the property should be exposed to a sale for a sum equal to the amount paid by the purchaser and interest thereon at the rate of ten per cent per annum from date of the sale to the day of resale; that if no higher sum was bid therefor, that it should be struck off to such purchaser; that if more was offered, the sale should be conducted thereafter in the manner provided by law; and that the proceeds arising from the sale should be first applied to reimbursing the puchaser the sum paid for the property at the first sale, with interest thereon at ten per cent, and the residue in the manner provided by law.

*Appeal from Decatur District Court.*

## THURSDAY, JUNE 23.

THIS is a motion made by defendants to set aside a sale under execution. The facts are, that plaintiff brought suit to foreclose a mortgage made by defendants to him, and at the April Term, 1861, recovered judgment for six hundred dollars besides costs, and special execution was awarded. The sheriff being a son of defendants, the special execution was, at plaintiff's request, issued to the coroner, and delivered to him on the 25th day of June, 1862; and was by him, on the 12th day of July, 1862, levied upon the land described in the execution, it being the west half, and the west half of the east half of section twenty-six, and the southwest quarter and west half of the southeast quarter of section twenty-three, township seventy, range twenty-four west. The officer advertised the land for sale by posting three written notices, one in the township, where the land

was situated, one on the court house door, and one in another township, and also advertised for four weeks in a newspaper published in the county, but did not serve the defendants, who were in the actual occupation and possession of the land, with written notice, stating that the execution was levied on the land, and mentioning the time and place of sale, as required by the Revision. § 3318.

The return shows the sale of all the lands to Dan. & A. B. Stearns for the sum of twenty-one hundred and fifty dollars, it being the highest bid made therefor, seven hundred and eighty-two dollars of which was paid to plaintiff in full for his judgment, interest and costs; nine hundred and forty-six dollars and fifty-nine cents was applied in satisfaction of another execution, in the coroner's hands, in favor of William Laer, and four hundred and nineteen dollars and forty-three cents was applied in satisfaction of another execution in his hands in favor of Lewis Schutz, and the costs are returned as forty dollars and fifty-nine cents. The defendants served notice of their motion to set aside the sale, on the plaintiff Jensen, and on the purchasers at the sale, Dan. & A. B. Stearns, who appeared and resisted the motion, but did not serve notice on Laer or Schutz, the other execution plaintiffs, whose executions were satisfied, as aforesaid, by the surplus proceeds of the sale, nor did they appear. Upon the hearing the Court overruled the motion and defendants appealed.

*V. Wainwright* and *Finch, Clarke & Rice*, for appellants.

*S. W. Shepard* and *C. C. Nourse*, for appellees.

COLE, J.—The determination of this case involves the construction of section 3318 of the Revision of 1860, which reads as follows: "If the defendant is in actual occupation and possession of any part of the land levied on, the officer having the execution shall, at least twenty days previous

to such sale, serve the defendant with written notice, stating that the execution is levied on said land, and mentioning the time and place of sale; and sales made without the notice required in this section, may be set aside on motion made at the same or next term thereafter."

In this case it is admitted, that the notice required by section 3318 was not given, and it furthermore appears that this motion was made in the manner and within the time contemplated by that section. A party who thus shows himself within the letter of the statute, has a legal right to have the sale set aside. Although the statute uses the words, "*may* be set aside," it does not thereby invest the District Court with such discretion as that its action cannot be reviewed on appeal; in other words, we are inclined to hold that the language shall be construed as mandatory rather than as permissive; and yet we are not prepared to hold that in every possible case within the letter of the statute, the sale *shall* be set aside. For instance, if it should be shown that the execution defendant had actual knowledge of the levy and the time and place of sale twenty days previous to the day fixed, whereby the object of the statute is fully met, it would be very competent for a court to hold the case to be not within the statute.

It is claimed by the appellees that the execution in this case, being a special execution issued upon a mortgage foreclosure, is not to be governed by the general execution law. But a little reflection will show that the reason for the application of section 3318 to mortgage foreclosure cases, is much greater than in other cases, especially where the mortgage was executed prior to the Revision, and no right of redemption remained in the debtor after sale. Aside from the special cases, however, it is clear that the general execution law is alike applicable to all cases of sale under execution. Since the defendants, who are the plaintiffs in the motion, have failed to serve notice of their mo-

tion upon Laer and Schutz, whose judgments have been satisfied by the surplus proceeds of the sale, and they are not, therefore, before the court for any determination of their rights, it would be improper for this Court to make: any order which would prejudice them. The judgment of the District Court will therefore be reversed, and cause remanded with directions to set aside the sale, and order that a new execution shall issue, and that, after the levy and due notice thereof and of the time and place of sale, the officer shall expose the property to sale for the amount heretofore bid by Dan and A. B. Stearns, together with ten per cent interest per annum thereon from the date of their bid up to the day of sale; and if no person offers more, the property will be again struck off to them at that sum; but, if more is offered, the sale will then be conducted as provided by law, and that amount first refunded to them in money, and the costs of such resale, will be paid by the defendants in the execution. Or, in case defendants shall pay to Dan and A. B. Stearns, or to the clerk of the District Court, for their use and benefit, the amount of their bid and ten per cent interest thereon to the day of payment, then no execution will issue, and in either event, judgment is to be satisfied.